UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY KINARD                                                      CIVIL ACTION

VERSUS                                                           NO. 10-3386

MICHELLE SMITH                                                   SECTION "J" (2)

**REPORT AND RECOMMENDATION**

Plaintiff, Gary Kinard, is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP") in New Orleans, Louisiana. He filed this complaint pro se and in forma pauperis on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." The only named defendant is Michelle Smith, who is not otherwise identified or described. The only specific allegation contained in the complaint is that plaintiff is "FILING FOR DIVORCE." Record Doc. No. 1 (Complaint at ¶s II(c)(1) and V).

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

It is axiomatic that this court is one of limited jurisdiction and must always be satisfied of its own subject matter jurisdiction.  Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed.  Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[1])); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009). Even if "neither party raises the issue of subject matter jurisdiction, this court must consider jurisdiction sua sponte." Equal Emp't Opportunity Comm'n v. Agro Distrib., LLC, 555 F.3d 462, 467 (5th Cir. 2009).  It is equally axiomatic that the party who invokes the court's jurisdiction, bears the burden to show the basis for subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009); New Orleans & Gulf Coast Ry. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008).

---

[1] The quoted language is the current version of Rule 12(h)(3), which was amended in 2007 to make changes that are "stylistic only."  Fed. R. Civ. P. 12, official comment (2007).

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction.  A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States.FN10  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.
>> FN10.  A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."

Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing Steel Co., 523 U.S. at 89); (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

In this case, plaintiff's complaint must be dismissed because it is clear that this court lacks subject matter jurisdiction of any kind over plaintiff's claims, either federal question or diversity of citizenship, concerning plaintiff's request for a divorce from defendant.

Although Kinard's complaint does not specifically invoke this court's diversity of citizenship jurisdiction, the factual basis of the complaint is that Kinard is "filing for divorce," apparently from defendant Michelle Smith.  Diversity jurisdiction exists only when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing

Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)). Whether diversity jurisdiction exists is determined by examining the citizenship of the parties when the complaint was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); Ellison Steel, Inc. v. Greystar Constr. LP, 199 F. App'x 324, 327 (5th Cir. 2006).

Kinard states in his complaint that he is incarcerated in Orleans Parish, Louisiana. A natural person is a citizen of the state in which he is domiciled. Acridge v. Evangelical Lutheran Good Samaritan Soc'y, 334 F.3d 444, 447-48, 453 (5th Cir. 2003); Coury v. Prot, 85 F.3d 244, 250-51 (5th Cir. 1996); Rick v. Women's & Children's Hosp., No. 08-2013, 2010 WL 2360703, at *3 (W.D. La. May 10, 2010) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Thus, Kinard is a Louisiana citizen for diversity of citizenship purposes. However, he makes no allegations whatsoever concerning either the citizenship of defendant, Michelle Smith, for diversity purposes or the requisite jurisdictional amount. For this reason alone, Kinard has failed in his burden to establish this court's jurisdiction.

More importantly, however, even if both diversity of citizenship and the requisite jurisdictional amount had been alleged, "diversity jurisdiction does not exist for . . . domestic relations cases involving divorce. . . . Long ago, the Supreme Court declared that '[t]he whole subject of the domestic relations of husband and wife, . . . belongs to

4

the laws of the States and not to the laws of the United States. In re Burrus, 136 U.S. 586, 593-94 (1890). Twice in recent years the supreme court has reaffirmed this limitation on federal court jurisdiction. . . . Thompson v. Thompson, 484 U.S. 174 (1988); . . . Ankenbrandt v. Richards, 112 S. Ct. 2206 (1992)." E. Chemerinsky, Federal Jurisdiction at § 5.3.3 pp.287-88 (2d ed. Little, Brown & Co. 1994) (emphasis added).

Thus, no basis for diversity of citizenship jurisdiction exists in this case. Similarly, even the scant allegations contained in plaintiff's form Section 1983 complaint make it clear that no federal question jurisdiction has been or could be established.

To state a cause of action under Section 1983, plaintiff must allege that the person who deprived him of a federal right was acting under color of law. A plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law." Mississippi Women's Medical Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989); Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Plaintiff must show that the defendant's actions are "fairly attributable to the state." West, 487 U.S. at 49. Although a private citizen's acts may be attributable to the state in some circumstances,[2] Kinard has alleged no facts to support attribution of defendant's action,

---

[2] The Supreme Court has applied at least four tests to determine whether a private party's acts are attributable to the state. Gallagher v. "Neil Young Freedom Concert", No. 93-4122, 1995

whatever they may be, to the state in this matter. Because Kinard "fails to show that [defendant was] acting under color of state law," Mississippi Women's Medical Clinic, 866 F.2d at 792, he fails to state a claim under Section 1983.

In this case, plaintiff asserts no federal question. Plaintiff states only that he is filing for divorce. It is clear that divorce is exclusively a question of state law, not a federal question. Under these circumstances, this court has no subject matter jurisdiction. If plaintiff seeks to divorce defendant Smith, he must do so in the appropriate state court.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

---

WL 82681, at *4 (10th Cir., Feb. 28, 1995).  See, e.g., West, 487 U.S. at 56 (delegation of state powers to private actor); Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) (state creation of legal system to assist citizen in private dispute); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) (private party acting in concert with public official); Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961) (interdependent relationship between state and private actor).

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

        New Orleans, Louisiana, this __27th__ day of October, 2010.

                              JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.